1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10                 FOR THE DISTRICT OF OREGON

11                    PORTLAND DIVISION

12   TRAVIS SHERMAN,               )
                                   )
13              Plaintiff,         )
                                   )    No.  CV-10-6128-HU
14       v.                        )
                                   )
15   LT. C. WAGNER, et al.,        )    FINDINGS & RECOMMENDATION
                                   )
16              Defendants.        )
                                   )
17   ────────────────────────────

18   Travis Sherman
     13724595
19   Oregon State Penitentiary
     2605 State Street
20   Salem, Oregon 97310

21        Plaintiff Pro Se

22   John R. Kroger
     ATTORNEY GENERAL
23   Aaron Sprague
     ASSISTANT ATTORNEY GENERAL
24   Department of Justice
     1162 Court Street NE
25   Salem, Oregon 97301-4096

26        Attorneys for Defendants

27   HUBEL, Magistrate Judge:

28        Plaintiff   Travis   Sherman,   an   inmate   at   Oregon   State

1 - FINDINGS & RECOMMENDATION

1    Penitentiary (OSP), brings this 42 U.S.C. § 1983 action against
2    several employees of the Oregon Department of Corrections (ODOC),
3    regarding an incident in April 2009 in which plaintiff was tasered
4    when he refused an injection.  Defendants move for summary
5    judgment.[1]  I recommend that the motion be granted.

6                                BACKGROUND

7         On April 13, 2009, plaintiff was housed in the Mental Health
8    Infirmary (MHI) at OSP in cell S-24.  Compl. at ¶¶ 10, 11.  At the
9    time, he was under an involuntary medication order based upon a
10   diagnosis of paranoid schizophrenia.  Id. at ¶ 12.  He was
11   scheduled to receive an involuntary injection of medication.  Id.
12   at ¶ 13.

13        Defendant C. Wagner, the shift supervisor of the MHI,
14   approached plaintiff at the door of plaintiff's cell, and told him
15   that it was time for plaintiff to take the involuntary injection.
16   Id. at ¶ 14.  Plaintiff responded that he did not need the
17   medication and it was making him worse.  Id. at ¶ 15.  Wagner than
18   gave plaintiff a "direct order" to submit to restraints.  Id. at ¶
19   16.  Plaintiff responded "Fuck you.  I ain't taking any medication.
20   If you come in here I am going to smash you out."  Id. at ¶ 17.

21        Wagner then contacted defendant OSP Superintendent Brian
22   Belleque regarding the use of a "Controlled Move Team," which could

23   _____

24        [1]  A pro se prisoner summary judgment advice order was
     issued and sent to plaintiff on October 19, 2010, informing him,
25   inter alia, that defendants may choose to file a summary judgment
     motion and further informing him of the right to respond, the
26   necessity to support the response, and the consequences of
     failing to respond.  Dkt #11.  Nonetheless, plaintiff has failed
27   to respond to the motion, even though the motion and its
     supporting materials were served on plaintiff via mail delivery.
28

2 - FINDINGS & RECOMMENDATION

1  include use of a taser and electronic shield.  Id. at ¶¶ 20, 22.

2  Wagner  assembled  a  team  composed  of  several  of  the  named

3  defendants.  See Id. at ¶ 26.

4      The team approached plaintiff's cell and Wagner gave two more

5  orders  to  plaintiff  to  submit  to  restraints  or  the  taser  and

6  electronic shield would be used.  Id. at ¶ 27.  Plaintiff refused.

7  Id. at ¶ 28.  Plaintiff first responded "I ain't doing shit."  Exh.

8  1  to  Sprague  Declr.  (DVD  showing  video  of  plaintiff's  cell

9  extraction).  The second time, plaintiff responded "I ain't doing

10 shit, fool."  Id.  Wagner then warned plaintiff that the team was

11 ready  to  use  the  taser  and  the  electronic  shield,  to  which

12 plaintiff responded "Bring it on."  Id.

13     Wagner directed plaintiff's cell door to be opened at which

14 point the team opened plaintiff's cell door, warned plaintiff about

15 the  taser,  and  then  tased  plaintiff.  Id.; Compl. at ¶ 29.

16 Plaintiff was then restrained, and after responding that he could

17 walk, he was escorted to cell S-1 in the MHI where he was injected

18 with the medication and his injuries from the taser projectiles

19 were treated.  Id.; Compl. at ¶ 30.  Plaintiff alleges that as a

20 result of the tasering, he has experienced nausea, sweats, chills,

21 lack of sleep, and anxiety.  Id. at ¶ 33.

                            STANDARDS

23     Summary judgment is appropriate if there is no genuine issue

24 of material fact and the moving party is entitled to judgment as a

25 matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the

26 initial responsibility of informing the court of the basis of its

27 motion, and identifying those portions of "'pleadings, depositions,

28 answers to interrogatories, and admissions on file, together with

3 - FINDINGS & RECOMMENDATION

1   the affidavits, if any,' which it believes demonstrate the absence

2   of a genuine issue of material fact."   Celotex Corp. v. Catrett,

3   477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

4       "If the moving party meets its initial burden of showing 'the

5   absence of a material and triable issue of fact,' 'the burden then

6   moves to the opposing party, who must present significant probative

7   evidence tending to support its claim or defense.'"   Intel Corp. v.

8   Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991)

9   (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th

10  Cir. 1987)).   The nonmoving party must go beyond the pleadings and

11  designate facts showing an issue for trial.   Celotex, 477 U.S. at

12  322-23.

13      The substantive law governing a claim determines whether a

14  fact is material.   T.W. Elec. Serv. v. Pacific Elec. Contractors

15  Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).   All reasonable doubts as

16  to the existence of a genuine issue of fact must be resolved

17  against the moving party.   Matsushita Elec. Indus. Co. v. Zenith

18  Radio, 475 U.S. 574, 587 (1986).   The court should view inferences

19  drawn from the facts in the light most favorable to the nonmoving

20  party.   T.W. Elec. Serv., 809 F.2d at 630-31.

21      If the factual context makes the nonmoving party's claim as to

22  the existence of a material issue of fact implausible, that party

23  must come forward with more persuasive evidence to support his

24  claim than would otherwise be necessary.   Id.; In re Agricultural

25  Research and Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990);

26  California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics,

27  Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

28  / / /

4 - FINDINGS & RECOMMENDATION

1                           DISCUSSION

2       Plaintiff brings claims under the Eighth Amendment, the Fourth

3  Amendment, and the Due Process Clause.  The due process claim

4  appears to be one of substantive due process, alleging that

5  defendants' actions violated plaintiff's liberty interest. Compl.

6  at ¶ 36.

7       The only cognizable claim is the Eighth Amendment claim.  The

8  Fourth Amendment and due process claims are merely duplicative of

9  the rights expressly guaranteed under the Eighth Amendment's cruel

10 and unusual punishment prohibition.  E.g., Whitley v. Albers, 475

11 U.S. 312, 327 (1986) ("the Eighth Amendment  . . . serves as the

12 primary source of substantive protection to convicted prisoners in

13 cases . . . where the deliberate use of force is challenged as

14 excessive and unjustified" and "in these circumstances the Due

15 Process Clause affords respondent no greater protection than does

16 the Cruel and Unusual Punishments Clause."); Clement v. Gomez, 298

17 F.3d 898, 903 (9th Cir. 2002) ("When prison officials use excessive

18 force against prisoners, they violate the inmates' Eighth Amendment

19 right to be free from cruel and unusual punishment" and indicating

20 that the Eighth Amendment, not the Fourth Amendment, governs such

21 claims).

22      Under the Eighth Amendment, "[f]orce does not amount to a

23 constitutional violation . . . if it is applied in a good faith

24 effort to restore discipline and order and not 'maliciously and

25 sadistically for the very purpose of causing harm.'" Id. (quoting

26 Whitley, 475 U.S. at 320-21).  Factors relevant to the analysis

27 are:  (1) the need for application of force; (2) the relationship

28 between the need and the amount of force used; (3) the extent of

5 - FINDINGS & RECOMMENDATION

1  the injury to the plaintiff; (4) the extent of the threat to staff

2  and inmates as reasonably perceived by the responsible officials on

3  the facts known to them, and (5) any effort made to use lesser

4  force.  Whitley, 475 U.S. at 320-21.

5      In the Ninth Circuit, use of tasers to control inmates is not

6  cruel and unusual punishment.  Michenfelder v. Sumner, 860 F.2d

7  328, 336 (9th Cir. 1988).  While the appropriateness of the

8  particular use must be gauged by "the facts and circumstances of

9  the case," the use is not per se unconstitutional.  Id..

10      Here, plaintiff admits he refused to comply with a direct

11  order to back up and submit to restraints.  He also admits that he

12  threatened the prison staff when he stated he would "smash out"

13  those who tried to restrain him.  He indicates that prison

14  officials gave him ample warning about the level of force they

15  planned to use, to which he responded "bring it on."  Plaintiff

16  exhibited insubordinate behavior and threatened to be combative.

17  Considering the relevant factors noted above, the decision to apply

18  force was reasonable under the circumstances and was not sadistic

19  or malicious.  No reasonable juror could conclude otherwise.

20      Finally, plaintiff complains that defendants failed to follow

21  OSP policy by using the taser when neither Belleque nor the

22  facility's highest ranking security officer, were physically

23  present.  However, failure to follow prison policy does not, by

24  itself, state a section 1983 claim.  E.g., Porro v. Barnes, 624

25  F.3d 1322, 1229 (10th Cir. 2010) ("violation of a prison regulation

26  does not give rise to an Eighth Amendment violation absent evidence

27  the prison official's conduct failed to conform to the

28  constitutional standard.") (internal quotation omitted); see also

6 - FINDINGS & RECOMMENDATION

1  Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th

2  Cir. 1998) (state law violations do not, on their own, give rise to

3  liability under section 1983); Lovell v. Poway Unified Sch. Dist.,

4  90 F.3d 367, 370-71 (9th Cir. 1996) ("Section 1983 limits a federal

5  court's analysis to the deprivation of rights secured by the

6  federal "'Constitution and laws'"; only when the violation of state

7  law causes the deprivation of a right protected by the United

8  States Constitution does that violation form the basis for a

9  Section 1983 action).  Thus, given that defendants' actions did not

10  violate plaintiff's Eighth Amendment rights, the fact that they are

11  alleged to have violated prison policy does not rescue plaintiff's

12  claim.

13                              CONCLUSION

14      I recommend that defendants' motion for summary judgment [12]

15  be granted.

16                           SCHEDULING ORDER

17      The Findings and Recommendation will be referred to a district

18  judge.  Objections, if any, are due March 18, 2011.  If no

19  objections are filed, then the Findings and Recommendation will go

20  under advisement on that date.

21      If objections are filed, then a response is due June 6, 2011.

22  When the response is due or filed, whichever date is earlier, the

23  Findings and Recommendation will go under advisement.

24      IT IS SO ORDERED.

25                   Dated this 28th  day of February , 2011

26                                  /s/ Dennis J. Hubel

27                                  _____

28                                  Dennis James Hubel
                                    United States Magistrate Judge

7 - FINDINGS & RECOMMENDATION